## CORBIN *vs.* SISTRUNK.

1. Parol evidence is admissible to show that a written instrument is altogether void, or that it never had any binding efficacy, or that the consideration has failed either in whole or in part.

2. A. executed her note to B. for future services to be rendered by him as an overseer, but before the note was delivered, told him that she could not employ him unless he brought a recommendation from C. B. promised to procure the recommendation, but failed to do so, and the services were never rendered. B. brought suit on the note, and proved that he had been ready to enter upon the service at the time agreed on, and that A. then refused to employ him. *It was held*,

    1st. That the procuring of C.'s recommendation formed part of the consideration of the note, and having failed to procure it, B. could not recover on the note.

    2d. That parol evidence was admissible to prove what was said about the recommendation before the delivery of the note.

Error to the Circuit Court of Macon. Tried before the Hon. E. Pickens.

Seaborn Williams, for plaintiff in error:

1. The parol testimony was inadmissible, because it wholly destroyed the legal effect of the writing, in the view taken by the court; and secondly, a contract cannot be partly in writing and partly by parol. If the parol testimony did not destroy the effect of the writing, it completely changed its legal effect. The parol testimony established a new contract, if any thing, and this without a sufficient consideration, and in this view the testimony was not admissible, nor the charge of the court correct.

2. It is improper for the court to say to the jury, that if a witness said a particular thing, it established a certain point. If the charge could be allowed in any form, it should be left to the jury to say whether or not this parol request on the one part, and the reply on the other part, was intended as a new contract, or a new stipulation of the old contract.

The view taken by the judge presiding was, that the writing was delivered as an *escrow*. An *escrow* can never exist in a case like the present.—Powell v. Jones, 12 Smedes & M. 506; Holt v. Moore, 5 Ala. 521 ; Stone v. Buckner, 12 Smedes & M. 82; Merrill v. Smith, 12 Ala. 569; Hair et al. v. La Brouse, 10

ib. 548; Paysant v. Ware et al., 1 ib. 160; Mead v. Steger, 5 Por. 498; Litchfield v. Falconer, 2 ib. 28; Jackson v. Cotton, 2 Johns. 258; 4 Kent's Com. 454-5; 1 Black. Com. 306; Shep. Touch., vol. 1, 57-8; Hurls. on Bonds, 8; 3 McCord, 245; 1 Johnson's Cases, 125.

CLOPTON & LIGON, *contra:*

1. The written instrument read in evidence by plaintiff, does not purport on its face to set forth the whole contract between the parties; it purports to contain only what the defendant had obligated herself to do. All of the contract on the part of the plaintiff rests in parol—instance, the written instrument is entirely silent as regards the time when the services were to commence and how long they were to continue, &c. In like manner no portion of the contract to be performed by the plaintiff was reduced to writing. Hence parol evidence is admissible to show what was his part of the contract.—Potter v. Hopkins, 25 Wend. 419; Tisdale v. Harris, 20 Pick. 12; C. & H. Notes, 1471-73.

2. Parol evidence is admissible to prove that the written contract was not to be binding upon defendant, except upon the happening of a certain event.—Bibb, Judge, &c. v. Reid & Hoyt, 3 Ala. 90; Barlow v. Fleming, 6 ib. 146; C. & H. Notes, 1450-53; Honeycut, use &c. v. Strother, 2 Ala. 139; Murchie v. Cook & McNab, 1 ib. 42; Simonton v. Steele, 11 ib. 358; Morrison v. Morrison, 6 Watts & Serg. 517.

3. It is competent to prove by parol a subsequent agreement, modifying, restraining or discharging a written contract; and it matters not how soon the subsequent agreement was made after the execution of the written contract. Parol evidence then is admissible to show that by a subsequent agreement, made after the written contract was executed and before it was delivered, defendant should be released from the written contract, unless plaintiff brought a recommendation from Crymes; and the delivery of the written contract was sufficient consideration to sustain the subsequent agreement.—C. & H. Notes, 1477; Brewster v. Countryman, 12 Wend. 449; Richardson v. Hooper, 13 Pick. 449.

CHILTON, J.—Assumpsit upon a writing executed by the defendant in error to the plaintiff, as follows: " I, Susannah Sistrunk, do oblige myself to pay to Jerome B. Corbin, for his ser-

vices for overseeing, the sum of two hundred and fifty dollars in money, and two milch cows, also five acres of land to be ploughed when necessary." This writing was attested by Daniel M. Perry as a subscribing witness, who was examined upon the trial, and testified that the writing was executed in the latter part of the year 1849, and that the services stipulated for were to commence the 1st Jan. 1850, and to continue for that year; that after Mrs. Sistrunk had signed the writing, and the witness had placed his signature to it, and when she was in the act of passing it to Corbin, but before it was delivered, she said to Corbin that unless he brought a recommendation from Dr. Crymes she could not employ him, to which the said Corbin replied, that unless he did bring such recommendation she need not hire him. It appeared that nothing had been previously said between the parties as to Crymes' recommendation. The plaintiff objected to the testimony of Perry, but the court overruled the objection, and the plaintiff excepted.

It was also made to appear, that the plaintiff was ready and willing to enter upon the service contracted for at the time agreed upon, but did not produce the recommendation of Dr. Crymes, who, as the proof conduced to show, refused to recommend him; but Mrs. Sistrunk refused to hire him, and without calling for the production of such recommendation, told him she had employed another person.

The court charged the jury, that if they believed from the evidence that after the writing was signed by the defendant, and whilst she was in the act of delivering the same to the plaintiff, she said that unless the plaintiff brought a recommendation from Dr. Crymes she could not receive him as overseer, and that this was assented to by the plaintiff, the writing would not bind the defendant until the recommendation of Dr. Crymes was produced by the plaintiff, and if that had not been produced, the plaintiff could not recover. To this charge the plaintiff likewise excepted.

There is a marked difference between parol evidence which goes to vary, contradict or add to written agreements which intelligibly speak the intention of the parties, and which they have adopted as furnishing evidence and full expression of their intention, or which changes the legal effect of such agreements, and parol proof which shows that the instrument is alto-

gether *void*, or that it never had any binding efficacy, or the want of consideration, either in whole or in part. While the first is inadmissible, the latter is constantly received.—1 Greenl. E.,§ 284. In the case before us, the defendant gave her note, thus executing the contract upon her part, and the writing evidences the terms of the contract, so far as to be performed by her, but the contract on the part of the plaintiff was altogether executory. He was to produce the recommendation of his former employer, (Crymes,) and serve as overseer for the year 1850. This constituted the consideration for the note sued on, and if he failed to perform his part of the contract, the plaintiff could not require a performance on the part of the defendant. The undertaking to obtain the recommendation from Dr. Crymes was a condition agreed upon as precedent to his entering upon the service. It formed the first and a substantial part of the consideration, without which, or a waiver of it on the part of the defendant, the whole consideration failed, and the contract became inoperative. The record presents no question as based upon a waiver of the recommendation, and as the plaintiff failed to procure it, we are very sure that Mrs. Sistrunk had the right to treat the contract as at an end, and to reject the plaintiff as overseer. The proof that Crymes refused his recommendation, and that consequently the plaintiff was unable to produce it, coupled with the fact that its production was to precede the service, and that such service was never rendered, goes to the entire consideration of the contract. The admission of the evidence of Perry, and the charge of the court as based upon the proof set out in the bill of exceptions, were entirely correct—see upon this point, Murchie v. Cook & McNair, 1 Ala. 41; Simonton v. Steele, ib. 357; Honeycut, use &c. v. Strother, 2 ib. 135; Barlow v. Fleming, 6 ib. 146; 3 Phil. Ev., (C. & H. Notes,) 1473; Ib. 1450-53.

This case is distinguishable from Long against Davis, at the present term, where we held that the charge of the court which gave to a parol agreement made contemporaneously with the writing, the force of changing the legal effect of the writing, was erroneous.

Let the judgment be affirmed.