(138 So. 267)

## WEEDEN v. ASBURY.

### 8 Div. 257.

Supreme Court of Alabama.

Nov. 5, 1931.

Rehearing Denied Dec. 17, 1931.

Simpson & Simpson, of Florence, for appellant.

A. A. Williams, of Florence, for appellee.

Ala. 248, 19 So. 995; Pearson v. City of Birmingham, 210 Ala. 296, 97 So. 916; First National Bank of Gadsden v. Morgan, 213 Ala. 125, 104 So. 403.

The matters alleged in plea 2 were in negation of the averments of the complaint, and were admissible under the general issue. The motion of plaintiff to strike plea 2 was therefore granted without error to reverse.

The substance of the averments of defendant's plea 3—accord and satisfaction—is that subsequent to the execution of the contract for the breach of which the plaintiff sues, the defendant executed and delivered to the plaintiff a warranty deed to the lots purchased by her in consummation of said conditional sale contract, which she accepted, and executed to defendant a mortgage for $920, representing the balance due on the purchase money, and payable on or before two years from the date thereof.

The plaintiff's replication 1 to plea 3 alleged, to state its substance, that the acceptance of said deed and the execution of said mortgage was superinduced by fraud practiced on plaintiff by the defendant, in that the defendant procured one Beck to make plaintiff an offer of $3,100 for said lots payable $100 cash and $15 per month; that said Beck had no intention of purchasing said property, but acted as a mere tool for defendant to deceive and lead her to believe that said offer was made in compliance with the stipulation in the contract for the breach of which plaintiff sues, and destroyed her right to demand from the defendant the refunding of the money paid by her; that she was deceived thereby and induced to accept said deed and execute said mortgage as the result of defendant's fraudulent conduct.

The defendant's demurrer to this replication was overruled, and he now contends that in this ruling the circuit court committed reversible error.

Appellant's contention here is, to state it in the language of the brief: "We take the point that you cannot by replication take advantage of the statute of fraud after one year from the commission of the fraud, any more than you can in the original complaint, and the original complaint shows on its face that suit was brought long after the expiration of the contract between plaintiff and defendant."

If we understand the contention, it is this: If the alleged fraud was practiced by the defendant on plaintiff more than a year before the suit was brought, the plaintiff is precluded by section 8966, Code of 1923, from pleading the fraud in avoidance of the alleged accord and satisfaction. This, we think, is a misconception of the purpose and

**BROWN, J.**

Special assumpsit for breach of stipulation to refund money paid by the purchaser under conditional sale contracts relating to ten lots in the third addition to Weeden Heights near Florence, Ala.

The first count of the complaint, to which demurrer was confessed by the plaintiff, was for the breach of a stipulation in contract made on April 21, 1924, applying to all ten of said lots.

The amended complaint consisting of two counts relates to contracts of like purport of the same date in respect to the same property; the second count being for the breach of a special stipulation as to eight of said lots, and the third as to the other two.

The amendment was permissible, and the motion to strike and demurrer taking the point that the amendment worked an entire change of the cause of action were properly overruled. Code of 1923, § 9513; Springfield Fire & Marine Ins. Co. v. De Jarnett, 111

scope of the statute. The action here is for breach of written contract not under seal, for the breach of which an action may be brought within six years. Code 1923, § 8944. Section 8966 only applies where the cause of action arises out of fraud.

■ There are other answers to appellant's contention, however. The first is that the demurrer does not take the point. Code of 1923, § 9479. Another is that defendant, though not entitled to invoke the statute, had full benefit of it under his several special rejoinders to special replication 3.

Fraud practiced by the defendant on the plaintiff in procuring the accord and satisfaction was an answer to defendant's plea; and the replication was not subject to any of the objections pointed out in the demurrer. Code of 1923, § 9479; Prowell v. Wilson, 219 Ala. 645, 123 So. 38.

■ It is familiar law that in the absence of anything to indicate a contrary intention, writings executed at the same time by the same parties for the same purpose, and in the course of the same transaction, are in the eye of the law one instrument, and will be received and construed together as constituting one contract and evidencing the intention of the parties. O'Barr et al. v. Turner et al., 16 Ala. App. 65, 75 So. 271; Kelly v. Life Ins. Clearing Co., 113 Ala. 463, 21 So. 361; 6 R. C. L. 850, § 240.

■ On this principle the conditional sale contracts and the letter signed by the defendant accompanying their delivery and embodying the stipulation, the basis of plaintiff's action, were properly received in evidence.

■ Evidence showing that the offer of Beck was made through the procurement of the defendant, the circumstances attending the same, and plaintiff's want of knowledge in respect thereto, was relevant to the issue of fraud, and was admitted without error.

The evidence, in the light of the issues, presented questions for jury decision, and the affirmative charge was properly refused.

■ Charges 3, 5, and 6 ignore the issue of fraud presented by the plaintiff's replication 1, to defendant's plea 3, and were refused without error.

■ Charge 7 misconceives the issue, which was, not fraud practiced by defendant on plaintiff or her attorney at the time of the execution of the deed, but in procuring a fraudulent offer of purchase to be made, leading the plaintiff to believe that the basis of her right to a refund of purchase money had been destroyed, depriving her of a right of action.

■ Charge A is bad in form, and moreover is in effect the affirmative charge.

We have examined the numerous assignments of error, and find nothing therein that justifies a reversal of the judgment.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.