321 So.2d 182

**W. Fred PARKER**

v.

**John T. McGAHA.**

**SC 648.**

Supreme Court of Alabama.

Sept. 18, 1975.

As Corrected on Denial of Rehearing
Oct. 30, 1975.

Walker, Hill, Gullage, Adams & Umbach, Opelika, for appellant.

Alvin T. Prestwood, Montgomery, for appellee.

ALMON, Justice.*

This is the second appeal in this litigation between John T. McGaha, plaintiff-appellee, and W. Fred Parker, defendant-appellant. The opinion of this court in the first appeal was rendered on July 12, 1973, and now appears in 291 Ala. 339, 280 So.2d 769.

McGaha brought an action against Parker to recover payment on a note for $100,000 held by McGaha as payee. The makers of the note were the defendant-appellant Parker and two other men, Edward D. Mixon and Wilbur Ramsey, both of whom were originally named as defendants but who were dismissed because of the inability to obtain service upon them. Parker admitted signing the note and its default status. After a jury verdict for Parker was rendered, the trial court granted McGaha's motion for new trial.

---

* This case was originally assigned to a justice formerly on this court. It has been reassigned to the writer who has listened to the tape recordings of the oral argument.

Prior to the transactions leading to this litigation, McGaha had voting control of a corporation called Southern Factors, Inc., by owning stock directly and by owning all the stock of another corporation, Colonial Securities Company, which in turn owned stock in Southern Factors, Inc.

In 1969 Ramsey and one Joe B. King purchased all of McGaha's stock and gave to McGaha a note for $196,500 as payment. As security for the note, the stock certificates were placed in escrow by Ramsey and King subject to the terms of an escrow agreement. Payment default quickly occurred on this original note. Thereafter Parker, Mixon and Ramsey began negotiations with McGaha which led to the execution in May, 1970, of the note here sued upon by which Parker, Mixon and Ramsey promised to pay McGaha $100,000. In return McGaha assigned all of his rights, title and interest in the original $196,500 note to Parker, Mixon and Ramsey (Ramsey being a maker of this note along with Joe King). The original $196,500 note refers to an escrow agreement and purports to incorporate it by reference. Both documents refer to a buy-sell agreement between McGaha and Ramsey and King, but this instrument was never put in evidence.

After making three separate payments of $2,500 on the $100,000 note in accordance with an agreed schedule of payments, the makers, including Parker, defaulted. The default occurred after Parker learned that Southern Factors, Inc., was "defunct." The stock certificates remained in escrow.

The first trial resulted in a jury verdict in favor of the defendant, which was set aside by the trial court on motion for new trial filed on behalf of Mr. McGaha. Mr. Parker appealed to this court, and the action of the trial court in setting aside the first verdict was affirmed.

When the case came for retrial, the attorneys representing Mr. Parker, some of whom had been added since the first trial,

moved the court on August 23, 1973, that the second trial be conducted under the new Alabama Rules of Civil Procedure. The trial court denied this motion on the ground that the application of the new Rules of Civil Procedure to this case would not be feasible and would work injustice. Again, at a more formal conference with the judge and all attorneys held on September 6, 1973, a written motion to conduct the second trial under the new Alabama Rules of Civil Procedure was filed and again overruled. Appellant-defendant alleges that this was error.

Rule 86 of the Alabama Rules of Civil Procedure states that these rules

". . . govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies."

This is the first case considered by this court in which there has been a controversy as to whether the former rules or the new rules should be applied to a pending action. Since Rule 86 of the Alabama Rules of Civil Procedure contains language almost identical to the federal Rule 86, we look to federal cases for guidance.

A study of the federal cases which have considered this question does not reveal any definitive answers. In *Doyle v. Loring,* 107 F.2d 337 (6th Cir. 1939) the court dealt with the question rather summarily:

". . . We are not required to enter into a detailed discussion of the rules. The Rules of Civil Procedure became effective while the suit was pending and whether they should have been applied was in the discretion of the court (Rule 86)." 107 F.2d at 340.

However, in *John R. Alley & Co. v. Federal National Bank,* 124 F.2d 995 (10th

Cir. 1942), the court refused to give the trial judge such unfettered discretion:

". . . The purpose is evident in the new rules to extend their application, unless for good cause shown, to all proceedings, whether brought prior to their effective date or thereafter. It has been held that the trial court must specifically find that the application of the new rules would be unjust in order for one complaining of their application to raise the question on appeal. *Automobile Ins. Co. v. Springfield Dyeing Co.*, 3 Cir., 109 F. 2d 533. No good reason appears why the new rules should not have been applied in passing on the motion to dismiss the counterclaim, and it was error for the court to sustain the motion." 124 F. 2d at 999.

■ Although Rule 86 leaves it to the opinion of the trial judge as to whether the application of the new rules to a pending action would be feasible or would work injustice, the application of the former rules should be the exception rather than the rule. When it is concluded by a trial judge that the application of the new rules would not be feasible or would work injustice, his reasons for so concluding should be set forth in the record.

■ We have encountered nothing in the record before us which would indicate that the application of the new rules would not be feasible or would work an injustice. As was previously indicated the trial judge has not favored us with his reason for denying the motion. Since this case must be remanded for new trial, for reasons hereinafter indicated, we suggest that the new rules be employed unless the trial court makes a contrary finding adequately supported by good and sufficient reasons.

The defendant filed his second amendment to pleas on September 6, 1973, consisting of plea 7, in setoff; plea 8, in recoupment; plea 9, in setoff; and plea 10, in recoupment. On October 3, 1973, the defendant filed his third amendment to pleas, being a plea of recoupment claiming damages in the amount of $100,000 for deceit on the part of Mr. McGaha in the negotiation to Mr. Parker of the $196,500 promissory note. At the hearing before the trial court on November 12, 1973, the plaintiff filed a motion to strike defendant's pleas 7 through 11, separately and severally, in the ground that they were not filed on a timely basis and that they raised or attempted to raise entirely new defenses to the plaintiff's cause of action at a time when the issues in the case had been previously clearly drawn, and nearly three years after the filing of the complaint. The court granted the plaintiff's motion. Appellant alleges that this was error.

■ The case of *Rasmus v. Schaeffer*, 230 Ala. 245, 247, 160 So. 244, 246 (1935) appears to be dispositive of this issue. There, it was stated that

"[a]fter pleadings have been settled and the cause tried in which there was a mistrial, and it is reset, the court may in its discretion refuse to allow the filing of additional pleas setting up entirely new defenses."

■ If, upon retrial, however the rules of procedure are employed, it would be appropriate to reassess the allowance of amendments in the spirit of the new rules. But see *Stead v. Blue Cross-Blue Shield of Alabama*, 294 Ala. 3, 310 So.2d 469 (1975).

Most of appellant's numerous assignments of error allege that the trial court erred in excluding parol evidence of the failure or partial failure of consideration for the note in controversy. It is evident from the record that the trial judge misapplied the "parol evidence rule" and its exceptions.

It is sometimes considered that the "parol evidence rule" is not a rule of evidence at all but a rule of substantive law. *Rinaudo v. Bloom*, 209 Md. 1, 6, 120 A.2d 184, 188 (1956).

"Whether considered as a rule of substantive law or as a rule of evidence, the

so-called 'parol evidence' rule is far from pellucid. The rule does not allow the maximum passage of light without diffusion or distortion. A strict, formal and technical interpretation of the rule has long since been abandoned. There are numerous exceptions to it. One of the first exceptions arose as early as Lord Coke's time. Since that time, the courts have repeatedly found it necessary to resort to new exceptions to the rule. Wigmore indicates that there are now at least 9 or 10 such exceptions." *Young v. United States,* 327 F.2d 933, 935 (1964).

A mention of but a few of the exceptions recognized by the Alabama courts will illustrate why there is so much confusion concerning the rule:

1. Parol evidence is always admissible to show that an instrument is void or to show a lack or failure of consideration. *Corbin v. Sistrunk,* 19 Ala. 203, 205–06 (1851);

2. Evidence of fraud is always admissible, even though there is a completely integrated writing. *Nelson Realty Co. v. Darling Shop,* 267 Ala. 301, 309, 101 So.2d 78, 84 (1957); and

3. Where there is ambiguity in a contract, parol evidence is admissible to aid in the contract's interpretation. *McClendon v. Eubanks,* 249 Ala. 170, 178, 30 So.2d 261, 268 (1947).

In the present case, the trial judge refused to allow parol evidence of failure or partial failure of consideration. This was error.

For the reasons indicated, the judgment is due to be reversed and the cause remanded.

Reversed and remanded.

HEFLIN, C. J., and BLOODWORTH, FAULKNER, JONES, ALMON and EMBRY, JJ., concur.

Opinion corrected; application for rehearing overruled.

HEFLIN, C. J., and BLOODWORTH, FAULKNER, JONES, ALMON and EMBRY, JJ., concur.