Henry TURNER, Plaintiff-Appellant,

v.

FIRESTONE TIRE AND RUBBER CO.,
d/b/a Firestone Stores of New Orleans,
Inc., Defendant-Appellee.

No. 76–1501
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 30, 1976.

---

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Patrick D. Breeden, New Orleans, La., for plaintiff-appellant.

W. Larry Floyd, New Orleans, La., for defendant-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

The judgment below is affirmed on the basis of the District Court's memorandum opinion, annexed.

AFFIRMED.

HENRY TURNER

v.

FIRESTONE TIRE AND RUBBER COMPANY a/b/a FIRESTONE STORES OF NEW ORLEANS, INC.

Civ. A. No. 75–878.

United States District Court, E. D. Louisiana.

Dec. 16, 1975.

CASSIBRY, District Judge.

This cause came on for hearing on September 24, 1975 on motions by plaintiff Henry Turner for summary judgment and on motion by defendant Firestone Tire and Rubber Company for summary judgment. The motions were briefed by counsel for the respective parties and the cause was submitted.

Whereupon, and upon consideration thereof;

IT IS ORDERED that the motion by plaintiff Henry Turner for summary judgment be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that the motion by defendant Firestone Tire and Rubber Company for summary judgment be, and the same is hereby, DENIED.

REASONS

Both parties agree that there are no disputed issues of material fact in this case and that the only issue is whether the disclosure statement provided Henry Turner by defendant Firestone Tire and Rubber Company violated the provisions of the Truth in Lending Act, 15 U.S.C. § 1601, et seq., and Regulation Z of the Federal Reserve Board, 12 C.F.R. 226.1 et seq.

Plaintiff Turner argues that the disclosure statement provided him by defendant Firestone was legally inadequate in two respects. First, in the opening disclosure statement defendant Firestone failed to disclose a description or identification of the type of security interest which it retained or acquired in any property to secure the payment of any credit extended on the account. Turner argues that this failure violated the provisions of section 226.7(a)(7) of Regulation Z.

Second, plaintiff Turner argues that the opening disclosure statement and each monthly statement sent thereafter was in violation of section 226.4(a)(5) of Regulation Z. The basis for this charge is the failure of defendant Firestone to fill in the relevant blank which was provided on its opening disclosure statement stating to plaintiff Turner the cost for the optional credit life insurance coverage he requested. Plaintiff alleges that each subsequent periodic statement sent to him constitutes a separate transaction and each periodic statement violated the Truth in Lending Act in that each periodic statement had a separate charge for credit life insurance rather than including the amount in the finance charge as required by section 226.4(a)(5).

Since I find that defendant Firestone has violated the Truth in Lending Act for its failure to disclose the cost of credit life insurance in the opening disclosure statement and including such costs in the finance charge on each monthly statement,

it is unnecessary to consider whether Firestone also violated the Truth in Lending Act by its failure to disclose that under Louisiana Law it may have held a vendor's lien on plaintiff's automobile to secure the payment of plaintiff's account. Plaintiff is entitled to only a single recovery where there is a multiple failure to disclose any information required to be disclosed to him. 15 U.S.C. § 1640(g).

Defendant Firestone agrees that it failed to fill in the relevant blank on the opening disclosure statement which would have disclosed to the plaintiff the costs of acquiring the credit life insurance but has argued that 15 U.S.C. § 1640(c) provides a defense against liability in this case. This section, the so-called clerical error defense, provides that:

> "A creditor may not be held liable in any action brought under this section for a violation of this part if the creditor shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."

■ The defendant has provided no factual evidence, by way of affidavit or otherwise, that the failure to fill in the cost of credit life insurance was a bona fide error. The statute clearly places this burden on the defendant creditor. Even if it were noted that this type of mistake is the typical clerical error at which the statute was aimed, the defendant has not produced any evidence or even pleaded that defendant Firestone has any "procedure reasonably adapted to avoid any such error." 15 U.S.C. § 1640(c). While the error committed here is one that is easy to commit, it is also the type of error that can be easily detected by implementation of an inexpensive screening procedure. Insofar as the defendant has failed to prove that the mistake in question was not intentional and that it maintained a procedure reasonably adapted to avoiding such errors, the clerical error defense provided in 15 U.S.C. § 1640(c) is unavailable to defendant Firestone.

■ Having failed to make out the clerical error defense, defendant Firestone must be found to have violated section 226.4(a)(5) of Regulation Z for failing to include the costs of the credit life insurance in the amount of the finance charge as required by that section. Firestone does not fall within the exception provided in that section where the credit life insurance is optional and not mandatory because section 226.4(a)(5)(ii) requires that:

> "(ii) any customer desiring such insurance coverage gives specifically dated and separately signed affirmative written indication of such desire after receiving written disclosure to him of the cost of such insurance."

Here, although the credit life insurance coverage was optional and this was disclosed in writing to the plaintiff, the cost of the insurance was not disclosed to the plaintiff.

■ Having decided liability, the issue of damages must be decided. Plaintiff urges that each separate monthly statement sent him constituted a separate transaction for which he could collect the statutorily prescribed minimum $100.00. Plaintiff cites the case of *Thomas v. Myer-Dickerson*, 479 F.2d 740 (5th Cir. 1973) as being determinative of the issue.

Defendants, however, claim the subsequent amendment to the Truth-in-Lending Act, 15 U.S.C. § 1640(g), legislatively overruled the holding in the *Thomas* case. The defendants contend that this section of the Act limits the plaintiff to a single recovery even though the plaintiff was sent a number of monthly statements. Neither counsel have cited any cases interpreting this section nor have I found any. The legislative history of the section is devoid of any explanation of its intended meaning or effect.

The language of § 1640(g) reads as follows:

> "The multiple failure to disclose to any person any information required under this chapter to be disclosed in connection with a single account under an open end

consumer credit plan, other single consumer credit sale, consumer loan, or other extension of consumer credit, shall entitle the person to a single recovery under this section but continued failure to disclose after recovery has been granted shall give rise to rights to additional recoveries."

The section limits multiple recoveries on a single *account* to the very narrow situation of a continued failure to disclose after a recovery has been granted. The single *account* recovery limitation is in direct conflict with the provisions of § 1640(a) as interpreted by the *Thomas* case. In the *Thomas* case, the Court found that each periodic statement sent to the plaintiff was a separate "transaction" for which he could recover the statutory minimum damages prescribed under 15 U.S.C. § 1640(a), 479 F.2d 746–747. Under the *Thomas* rationale, a single credit *account* could, and usually would, constitute more than one "*transaction*" as each separate periodic statement sent out on the *account* would in itself constitute a *transaction* for the purposes of § 1640(a). The amendment to the Truth-in-Lending Act, 15 U.S.C. § 1640(g), then limits the plaintiff to a single recovery on his account even though numerous periodic statements were sent out on that account.

The issue of amount of damages and award of attorney's fees will be referred to a Magistrate for his proposed findings of fact and conclusions of law.