This is an appeal from a judgment entered on a jury verdict in favor of plaintiff-appellee, Chester B. Giffin, against defendant, James W. League. We reverse and remand.
Giffin filed a declaratory judgment action claiming that prior to entering into a written contract with League in connection with the construction of League's trailer court, known as the Huntsville Mobile Homes, Giffin had entered into an oral agreement with League whereby Giffin was to serve as the nominal general contractor, and that Giffin would furnish a surety bond for the performance of the contract. The complaint further claimed that for these services, Giffin was to receive $5,000 with the actual work being performed by Claude Hall.
It is undisputed that both League and Giffin signed a construction contract dated March 26, 1974. The contract documents were "Drawings Specifications, General Conditions of the Contract, and FHA Form 255A." Section 1.1.1 and Section 1.1.2 of Article 1 of the General Conditions of the Contract for Construction read as follows:
"1.1.2. THE CONTRACT
 "The Contract Documents form the Contract. The Contract represents the entire and integrated agreement between the parties hereto and supersedes all prior negotiations, representations, or agreements, either written or oral, including the bidding documents. The Contract may be amended or modified only by a Modification as defined in Sub-paragraph 1.1.1." [Emphasis added.]
The issue presented is whether the written documents signed by the parties had the effect of a binding agreement on the parties, and, if so, whether the trial court erred by allowing parol evidence of prior negotiations and agreements between the parties in that all prior negotiations and agreements were merged into and became part of the written contract.
Giffin contends that the parol evidence rule has no application in the instant case because the written construction contract dated March 26, 1974, was void for want of mutual consent. We disagree. In applying the "parol evidence rule" this Court, in quoting from Young v. United States,327 F.2d 933, 935, (CA 5, 1964), stated in Parker v. McGaha,294 Ala. 702, 321 So.2d 182 (1975), that "[A] strict, formal and technical interpretation of the rule has long since been abandoned." 294 Ala. at 707, 321 So.2d at 185. In Parker, this Court recognized some of the exceptions to the rule which read as follows:
 "1. Parol evidence is always admissible to show that an instrument is void or to show a lack or failure of consideration. Corbin v. Sistrunk, 19 Ala. 203, 205-06 (1851);
 "2. Evidence of fraud is always admissible, even though there is a completely integrated writing. Nelson Realty Co. v. Darling Shop, 267 Ala. 301, 309, 101 So.2d 78, 84 (1957); and
 "3. Where there is ambiguity in a contract, parol evidence is admissible to aid in the contract's interpretation. McClendon v. Eubanks, 249 Ala. 170, 178, 30 So.2d 261, 268 (1947)."
It is apparent from a review of the record, however, that Giffin did not allege fraud or mistake. Moreover, the contract is not ambiguous. Even though Giffin may have had an oral agreement with League concerning his participation in the project, it is a basic principle of contract law that this agreement as well as all prior negotiations merged into the written contract between the parties. See Blake v. Coates,292 Ala. 351, 294 So.2d 433 (1974); McGuffey's Nursing Home, Inc.v. Taylor, 45 Ala. App. 634, 235 So.2d 885 (1970); 5 Ala.Dig., Contracts, 245 (2).
The record contains conflicting testimony. Yet, under the facts of this case, we find that the written contract dated March 26, 1974, was the best evidence of the agreement entered into between League and Giffin. Under it, all prior negotiations *Page 1334 
and agreements were merged into and became part of the written contract. Therefore, we are of the opinion that the trial court misapplied the "parol evidence rule" by allowing into evidence testimony of prior negotiations between the parties which sought to explain, contradict, vary, or subtract from the written terms of the contract. See Hartford Fire Ins. Co. v.Shapiro, 270 Ala. 149, 117 So.2d 348 (1960); W.T. Rawleigh Co.v. Cone, 232 Ala. 127, 167 So. 274 (1936).
For the reasons indicated, the judgment is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
FAULKNER, ALMON, SHORES and BEATTY, JJ., concur.