The plaintiff, Clifton W. Poole, Jr., appeals from a summary judgment entered in favor of Henderson, Black and Greene, Inc. (hereinafter "HBG"), in an action alleging breach of an employment contract.
In his complaint, Poole alleged that in September 1978 he entered into a contract with HBG wherein HBG agreed to employ him as vice president and controller until his retirement and to pay him 3% of its net profit for the duration of his employment. Poole alleged that HBG breached the agreement by refusing to pay him 3% of its profits for fiscal years 1983 through 1987. Poole also alleged that in June 1985 HBG reduced his salary, removed him from his position of vice president and controller, and guaranteed his new position for only six months, and that in response, he submitted his resignation.
In support of its motion for summary judgment, HBG submitted a letter from its president, S. Kenneth Hendricks, to Poole dated October 6, 1978. The letter, which was also signed by Poole, reads: *Page 486 
 "This letter will confirm our agreement as to your employment with Henderson, Black [and] Greene, Inc., as Vice President and Treasurer. The terms of that agreement are as follows:
 "1. Compensation to be base salary of $20,000. Bonus of 3% of net after tax profit of the corporation.
 "2. You agree to remain and the company agrees to employ you under the above (1) for a term of one year from your date of employment, November 6, 1978.
 "3. I agree for the company to pay the van line expenses for your move to Troy, using Thompson Van Lines, Troy, Alabama, a Burnham Van Lines affiliate.
 "4. The company will furnish you an automobile, including gasoline, maintenance, insurance, etc.
"5. You will have two (2) weeks vacation per year.
 "In return for the considerations outlined above, you agree to put forth your best effort to carry out the responsibilities of Treasurer of this corporation, which include those generally accepted in the business world of both Treasurer and Controller. You agree to manage, to the best of your ability, the accounting department and to coordinate with all other divisions and departments to bring about the greatest profits possible.
 "To confirm your agreement with the terms of this letter, please sign this letter and the enclosed copy. Keep one, return the other to me. . . .
"Sincerely
"/s/
"S. Kenneth Hendricks
"President
"I hereby agree to the terms of this letter:
"/s/
"Cliff W. Poole, Jr."
The trial court found that this letter constituted the agreement between Poole and HBG and the court held:
 "The written agreement which was signed by the Plaintiff is clear and certain in that the Defendant agreed to employ the Plaintiff for [a] term of one (1) year. Plaintiff has not alleged any fraud and there is no evidence of fraud in the procurement of Plaintiff's signature to the "acceptance letter."
 ". . . Parol evidence is not admissible to vary, change, or alter the terms of the 'acceptance letter' dated October 6, 1978."
Poole contends that this letter is not a complete expression of the agreement and that parol evidence is admissible to clarify the agreement.
In support of its motion for summary judgment, HBG submitted the affidavit of Hendricks, who stated:
 "My name is S. Kenneth Hendricks and I am President of Henderson, Black and Greene, Inc., a corporation having its principal place of business in Troy, Pike County, Alabama. Clifton W. Poole, Jr., was employed by Henderson, Black and Greene, Inc., in September 1978 pursuant to an oral agreement. Henderson, Black and Greene, Inc., and Clifton W. Poole, Jr., did not then, or at any time in the future, enter into any written employment contract.
 "After Mr. Poole was employed, I memorialized our oral agreement in a letter which provided that Mr. Poole would be employed for a period of one year. There was never any written employment agreement or employment contract and I never agreed, either orally or in writing, to employ Mr. Poole for longer than a period of one (1) year.
 "Clifton W. Poole, Jr., was employed by Henderson, Black and Greene, Inc., pursuant to an oral agreement and he was employed at the will of Henderson, Black and Greene, Inc."
Poole argues that because HBG concedes that the contract was oral, the parol evidence rule does not bar further testimony as to the terms of the agreement.
This case was filed after June 11, 1987; accordingly, the "substantial evidence rule" applies to the ruling on the motion for summary judgment. Ala. Code 1975, § 12-21-12. Once a movant makes a prima facie showing that there is no genuine issue of material fact and that he is entitled to a judgment as a matter of law, the nonmovant must present substantial evidence *Page 487 
in support of his position in order to defeat the summary judgment motion. Betts v. McDonald's Corp., 567 So.2d 1252
(Ala. 1990).
In Rime-Shatten Development Co. v. Birmingham CableCommunications, Inc., 569 So.2d 332, 334-35 (Ala. 1990), this Court stated:
 " 'The general rule of contract law is that, if a written contract exists, the rights of the parties are controlled by that contract, and parol evidence is not admissible to contradict, vary, add to, or subtract from its terms.' Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 11
(Ala. 1989); citing Tyler v. Equitable Life Assur. Soc. of the United States, 512 So.2d 55 (Ala. 1987); Gunnels v. Jimmerson, 331 So.2d 247 (Ala. 1976). The rule does allow the introduction of extrinsic evidence in the event of fraud, mistake, or ambiguity. League v. Griffin, 347 So.2d 1332
(Ala. 1977). . . .
 "Whether a contract is ambiguous is a question of law. Fouts v. Beall, 518 So.2d 1236 (Ala. 1987); Medical Clinic Bd. of City of Birmingham-Crestwood v. Smelley, 408 So.2d 1203 (Ala. 1981). If the court determines that a contract is ambiguous, extrinsic evidence will be allowed to clarify the contract. Cummings v. Hill, 518 So.2d 1246 (Ala. 1987). However, once a court determines that a contract is unambiguous, parol or extrinsic evidence will not be allowed as to that contract. Generally, once a court determines that no ambiguity exists in the basic contract, it cannot proceed to examine extrinsic evidence. Mass. Appraisal Services, Inc. v. Carmichael, 404 So.2d 666 (Ala. 1981).
". . . .
 "When the parties evidence their agreement by a writing, all oral discussion, negotiations, or agreements had or made prior to the execution of the written contract are merged into the final written agreement. Smith v. Chase Manhatten Corp., 458 F. Supp. 740, 744 (M.D.Ala. 1978)."
In the instant case, the "acceptance letter," signed by both parties, is a written contract. All the oral discussions, negotiations, and agreements made prior to the written contract are merged into the final written agreement. The terms of the contract are unambiguous and, therefore, parol evidence is inadmissible. The language in the contract indicates that HBG agreed to employ Poole for one year from November 6, 1978. Poole has failed to present substantial evidence to rebut the prima facie showing by HBG that it did not breach the employment contract.
Poole also contends that the trial court erred in refusing to enforce its discovery orders. After the complaint was filed, Poole filed a request for production of documents under Rule 34, A.R.Civ.P., wherein he requested that HBG produce its financial statements for fiscal years 1984 through 1988. The trial court granted Poole's motion to compel the production of these financial statements, but entered the summary judgment prior to HBG's compliance with the order.
In Reeves v. Porter, 521 So.2d 963, 965 (Ala. 1988), this Court stated:
 "The mere pendency of discovery does not bar summary judgment. If the trial court from the evidence before it, or the appellate court from the record, can ascertain that the matter subject to production was crucial to the non-moving party's case or that the answers to the interrogatories were crucial to the non-moving party's case, then it is error for the trial court to grant summary judgment before the items have been produced or the answers given. However, the burden of showing that these items are crucial is upon the non-moving party."
(Citations omitted.) Poole has not shown that the financial statements were crucial to his case. The trial court did not err in entering the summary judgment before the statements were produced.
The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur. *Page 488