**Sidney GRIFFIN, Jeff Cleckley, and Louise Cleckley, Plaintiffs,**

v.

**CITY OF CLANTON, ALABAMA, et al., Defendants.**

**Civil Action No. 94–A–1527–N.**

United States District Court, M.D. Alabama, Northern Division.

July 1, 1996.

See also, 932 F.Supp. 1359.

Rhonda G. Jones–Hardesty, Clanton, AL, Joel S. Rogers, III, Dale Rouse Waid, Rogers & Waid, Clanton, AL, for plaintiffs.

James W. Porter, II, Porter, Porter & Hassinger, Birmingham, AL, for City of Clanton, John Stephens, Al Bearden.

Timothy Patrick Donahue, John C. Webb, V, Bradford & Donahue, P.C., Birmingham, AL, for City of Thorsby, Mike Cleckler.

### MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

This cause is before the court on the Defendants' Motion to Strike from evidence the affidavit of Dr. Thomas Barker. The affidavit was submitted by the Plaintiffs on February 22, 1996, in support of their opposition to the Defendants' Motions for Summary Judgment. On March 5, 1996, the Defendants, the City of Clanton, John Stephens, and Al Bearden, filed a Motion to Strike the affidavit. Based on the following, the Defendants' Motion to Strike is due to be GRANTED.

Dr. Thomas Barker purports to be an expert in the fields of law enforcement, criminal justice and sociology/criminology. In his affidavit, Dr. Barker sets forth his opinion that the officers involved in this case acted in a manner that is contrary to commonly accepted police standards and that they violated the policies and procedures of the City of Clanton. He also states that both Officer Stephens and Officer Bearden exhibited "deliberate indifference" and that Officer Bearden used "unnecessary and unreasonable force." Finally, he states that Officer Bearden's conduct was "careless," "reckless," and "unreasonable."

In his affidavit, however, Dr. Barker does not define the commonly accepted police standards that he cites to, and he provides no information on the relevant policies and procedures of the City of Clanton that he contends were violated by the officers. Additionally, Dr. Barker does not explain why he characterizes the force used by Officer Bearden as "unnecessary and unreasonable," and he does not explain why he characterizes the officers' conduct as "careless," "reckless," "unreasonable," and exhibiting "deliberate indifference." He merely states these opinions in conclusory fashion with no explanation.

■ The Defendants object to the affidavit, among other reasons, because Dr. Barker's opinions constitute legal conclusions. As a nonmoving party opposing a motion for summary judgment, the Plaintiffs cannot rely on legal conclusions to meet their burden of coming forward with relevant and competent evidence. *See Avirgan v. Hull,* 932 F.2d 1572, 1577 (11th Cir.1991).

■ This argument has substantial merit. In his affidavit, the "opinions" that Dr. Barker offers are merely conclusory statements designed to have legally operative effects. They implicate issues that are solely within the purview of the court and are not the proper subject of evidentiary submissions. *See The Lovable Co. v. Honeywell, Inc.,* 431 F.2d 668, 674 (5th Cir.1970) [1] (affidavit setting forth legal conclusions cannot be treated

---

[1]. In *Bonner v. City of Prichard,* .661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all deci-
sions of the former Fifth Circuit rendered prior to October 1, 1981.

as factual support for party's position on pending motion); *Liberty Leasing Co. v. Hillsum Sales Corp.*, 380 F.2d 1013, 1015 (5th Cir.1967) (same); *Dennis v. Handley*, 453 F.Supp. 833, 836 (N.D.Ala.1978) (same).

■ Furthermore, this court finds that the affidavit is not admissible because Dr. Barker would not qualify as an expert to testify on the matters stated in his affidavit. *See* Fed.R.Evid. 702. His "opinion" is not offered to assist a trier of fact in determining a fact in issue, rather he offers a purely "legal opinion" to assist the court in determining the law. Such an affidavit, which is really an argumentative brief in response to the Defendants' Motions for Summary Judgment, does not comply with the Federal Rules of Civil Procedure. *See* Fed.R.Civ.Pro. 56(e).

As a result of the foregoing, this court concludes that Defendants' Motion to Strike from evidence the affidavit of Dr. Thomas Barker is due to be, and is hereby, GRANTED.

It is so ORDERED.