CRAWLEY, Judge.
The parties are coguarantors of several loans made by First Commercial Bank of Huntsville (“the Bank”) to The Milling Company Enterprises, Inc. (“the Mill”), which operated a restaurant in Huntsville. The Mill defaulted on the loans, and the Bank called upon the guarantors for payment of the balances due. The Harrises and the Lovells paid off the loans and then sued the Sheltons, seeking contribution of their pro rata shares of the loan guarantees. (The record indicates that the Shel-tons are divorced and that the divorce judgment requires Steven Shelton to indemnify Julie Stapp Shelton (now known as “Julie Stapp”) from all claims related to any alleged indebtedness concerning the Mill. In this opinion, we shall refer to the former husband and wife as “the Shel-tons.”) The Sheltons answered and counterclaimed, alleging, among other things, breach of contract, breach of fiduciary duty, misrepresentation, conversion, and defamation.
On the claims by the Harrises and the Lovells, the circuit court entered a summary judgment for the Sheltons, holding that the Harrises and the Lovells had waived their right to contribution. The court certified that summary judgment as final, pursuant to Rule 54(b), Ala. R. Civ. P. The Harrises and the Lovells appealed to the Alabama Supreme Court, which transferred the case to this court, pursuant to § 12-2-7(6), Ala.Code 1975. We affirm.
A surety who has paid more than his pro rata share of the debt of his principal has a statutory right to contribution from his cosureties. See §§ 8-3-9, 8-3-42(2)(a), Ala.Code 1975. See also Layne v. Garner, 612 So.2d 404, 407 n. 3 (Ala.1992). The right to contribution, however, can be waived. Id. Generally, the right can be waived only by an agreement between the sureties themselves and not by any agreement between a surety and his principal or between a surety and his principal’s creditor. See Tyus v. De Jarnette, 26 Ala. 280, 290 (1855). Accord Kandlis v. Huotari, 678 A.2d 41 (Me.1996). “[T]he waiver of a surety to his right of contribution should be fully and clearly established by the evidence.” Tyus v. De Jarnette, 26 Ala. at 290.
On March 3, 1997, each of the parties separately signed a guaranty agreement in connection with a $345,000 loan by the Bank to the Mill; the agreements were identical. Each guaranty agreement contains the following express waiver of claims against the other guarantors:
“The Undersigned waives any claim, remedy or other right which the Undersigned may now have or hereafter acquire against Borrower or any other person obligated to pay Indebtedness arising out of the creation or performance of the Undersigned’s obligation under this guaranty, including, without limitation, any right of subrogation, contribution, reimbursement, indemnification, exoneration, and any right to participate in any claim or remedy the Undersigned may have against the Borrower, collateral, or other party obligated for Borrower’s debts, whether or not such claim, remedy or right arises in equity, or under contract, statute or common law.”
The parties signed additional guaranty agreements on May 1, 1997, relating to a $30,540.32 loan by the Bank to the Mill; on July 9, 1997, relating to a $380,000 loan by the Bank to the Mill; on July 25, 1997, relating to an $11,967.54 loan by the Bank to the Mill; and on February 3, 1999, relating to a $60,000 loan by the Bank to the Mill. Two of the additional guaranty agreements signed after March 3, 1997, contain — in addition to the waiver-of- *279 claims provision quoted above — the following provision:
“SUBROGATION. Guarantor hereby irrevocably waives and releases the Borrower from all ‘claims’ (as defined in Section 101(5) of the Bankruptcy Code) to which Guarantor is or would, at any time, be entitled by virtue of its obligations under this Guaranty, including, without limitation, any right of subrogation (whether contractual, under Section 509 of the Bankruptcy Code or otherwise), reimbursement, contribution, exoneration or similar right against the Borrower, any Co-Guarantor, any third party or any collateral.”
I.
The Harrises and the Lovells contend that the waivers of contribution are ineffective because they are contained in contracts between the individual guarantors and the Bank, rather than in contracts between and among the individual guarantors themselves. We conclude that all of the guaranty agreements, which were executed at the same time, by the same parties, for the same purpose, and which contain the same language, constitute an integrated agreement that should be considered and construed as one contract.
“It is familiar law that in the absence of anything to indicate a contrary intention, writings executed at the same time by the same parties for the same purpose, and in the course of the same transaction, are in the eye of the law one instrument, and will be received and construed together as constituting one contract and evidencing the intention of the parties.”
Weeden v. Asbury, 223 Ala. 687, 690, 138 So. 267, 270 (1931).
“[T]wo or more instruments executed contemporaneously by the same parties in reference to the same subject matter constitute one contract and should be read together in construing the contract.”
Haddox v. First Alabama Bank of Montgomery, N.A., 449 So.2d 1226, 1229 (Ala.1984). See also Southern Exposition Management Co. v. University Auto Sales, Inc., 740 So.2d 992, 995-96 n. 3 (Ala.1998); ISS Int’l Serv. Sys., Inc. v. Alabama Motor Exp., Inc., 686 So.2d 1184, 1188 (Ala.Civ.App.1996); Task Consultants, Inc. v. Finerty, 339 So.2d 87, 89 (Ala.Civ.App.1976).
In Kandlis v. Huotari, 678 A.2d 41 (Me.1996), all the sureties signed separate but identical guaranty agreements within two weeks of each other. The agreements contained identical waiver-of-contribution provisions that, the Supreme Judicial Court of Maine held, “should be read together as part of the same transaction” and that were “enforceable among and between the guarantors.” 678 A.2d at 43. The facts here present a stronger case than the facts in Kandlis for construing all the guaranty agreements as a single contract because here the guaranty agreements were contemporaneous with the loans. Like the court in Kandlis, we conclude that the guaranty agreements should be construed as a single contract.
The Harrises and the Lovells also maintain that the waivers are not a “bargained-for exchange” because, they argue, the waivers are not supported by consideration and contradict the parties’ oral agreement to be equally liable for the Mill’s debts. When all of the guaranty agreements are construed as a single contract, it is clear that each guarantor’s waiver of the right of contribution constitutes consideration for the other guarantors’ waivers of the same right. Cf. Penney v. Burns, 226 Ala. 273, 274, 146 So. 611, 612 (1933) (holding that, with mutual releases, *280 each release is consideration for the other release). See also § 43-8-72, Ala.Code 1975 (assuming that mutual waivers by prospective spouses, of all statutory rights in the estate of the other spouse, constitute consideration in antenuptial and postnup-tial agreements).
Any oral agreement that may have been reached among the eoguaran-tors before they signed the written guaranty agreements is unenforceable. See League v. Giffin, 347 So.2d 1332 (Ala.1977). “[I]t is a basic principle of contract law that [an oral] agreement as well as all prior negotiations merge[s] into the written contract between the parties.” Id. at 1333. See also Hibbett Sporting Goods, Inc. v. Biernbaum, 375 So.2d 431 (Ala.1979).
Answering a similar argument in Layne v. Gamer, supra, that a waiver-of contribution provision in a guaranty contract was not a bargained-for part of the agreement, our supreme court wrote:
“One who executes a written contract and is ignorant of its contents cannot set up that ignorance to avoid the obligation, absent fraud and misrepresentation. With regard to guaranty agreements, this Court has stated that the guarantor's claimed ignorance of the contents of a written guaranty in no way avoids his obligation thereunder, in the absence of fraud or misrepresentation.”
612 So.2d at 407 (quoting Williams v. Bank of Oxford, 523 So.2d 367, 368 (Ala.1988)).
The Harrises and the Lovells have not alleged fraud or misrepresentation; therefore, they are bound by the terms of the guaranty agreements. Layne v. Gamer, supra.
II.
The Harrises and the Lovells argue that the waiver-of-contribution provisions of the guaranty agreements violate public policy and are unconscionable because, they say, those provisions unreasonably favor one party over another and are “oppressive, one-sided, and unfair.” The Alabama Supreme Court rejected similar arguments in Layne v. Garner, 612 So.2d at 407-08. The Layne court wrote:
“ ‘Rescission of a contract for unconscio-nability is an extraordinary remedy usually reserved for the protection of the unsophisticated and uneducated.’
“An unconscionable contract or contractual provision is defined as a contract or provision ‘such as no man in his sense and not under delusion would make on the one hand, and as no honest and fair man would accept on the other.’ Although Alabama law lacks an explicit standard for determining whether a contract or contractual provision is unconscionable, case law reveals that four factors are important in making this determination.
“In addition to finding that one party was unsophisticated and/or uneducated, a court should ask (1) whether there was an absence of meaningful choice on one party’s part, (2) whether the contractual terms are unreasonably favorable to one party, (4) whether there was unequal bargaining power among the parties, and (4) whether there were oppressive, one-sided, or patently unfair terms in the contract.”
612 So.2d at 408 (citations omitted). The record contains no evidence to indicate that the parties were not equally well educated and equally adept at bargaining. On the contrary, the record supports the inference that all of the coguarantors were relatively sophisticated investors who had the financial wherewithal and business acumen to guarantee the repayment of *281 sizable loans by a corporation formed to operate a restaurant.
Moreover, the waiver-of-contribution provisions of the guaranty agreements are not any more favorable to one guarantor than to another. All guarantors signed identical agreements containing identical waiver-of-contribution provisions. Undoubtedly, the waiver provisions are favorable to the Bank, but they are not any more advantageous to one guarantor than to another. As the Alabama Supreme Court concluded in regard to the contract in Layne v. Gamer, we conclude that the waiver-of-contribution provisions at issue in this case are not unconscionable.
The judgment of the Madison Circuit Court is affirmed.
AFFIRMED.
YATES, P.J., and THOMPSON, J., concur.
PITTMAN and MURDOCK, JJ., dissent.