MURDOCK, Judge,
dissenting.
I disagree with the majority’s determination that the guaranty agreements executed by the parties constitute a single, integrated agreement and that, consequently, the Harrises and the Lovells have waived their right to contribution from the Sheltons.
The majority correctly states that a surety who has paid more than his pro rata share of the debt of his principal may generally waive his right to contribution from his cosureties only by an agreement between the sureties themselves, and not by an agreement between a surety and his principal or between a surety and his principal’s creditor. See Tyus v. De Jarnette, 26 Ala. 280, 288 (1855). Additionally, I agree that
“in the absence of anything to indicate a contrary intention, writings executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction, are in the eye of the law one instrument, and will be received and construed together as constituting one contract and evidencing the intention of the parties.”
Weeden v. Asbury, 223 Ala. 687, 690, 138 So. 267, 270 (1931) (emphasis added). See also Haddox v. First Alabama Bank of Montgomery, N.A., 449 So.2d 1226, 1229 (Ala.1984).
Nevertheless, I disagree with the majority’s application of the latter rule to this case. First, the above-stated integration rule applies to different instruments executed by the same parties, as part of the same transaction. It does not apply to identical instruments, executed by different parties. In fact, all but one of the cases cited by the majority in support of its interpretation of the rule regarding the integration of agreements involve a situation where the same parties have executed two or more different written instruments in relation to a single transaction. See Southern Exposition Mgmt. Co. v. University Auto Sales, Inc., 740 So.2d 992 (Ala.1998); Haddox, supra; Weeden, supra; ISS Int’l Serv. Sys., Inc. v. Alabama Motor Express, Inc., 686 So.2d 1184 (Ala.Civ.App.1996); and Task Consultants, Inc. v. Finerty, 339 So.2d 87 (Ala.Civ.App.1976). But see Kandlis v. Huotari, 678 A.2d 41, 43 (Me.1996) (requiring, however, that there be “an absence of anything to indicate [an intention] contrary” to the integration of the agreement).
In this case, the sureties executed separate guaranty agreements containing identical language, but those three guaranty agreements were not ¿xeeuted by the “same parties.” Rather, each instrument was executed by a different pair of contracting parties. Thus, the above-stated rule regarding the integration of agree- *282 merits is not applicable in this case, and these guaranty agreements should not be construed as one contract.
In addition, the threshold requirement under the general rule of integration, that there be an “absence of anything to indicate a contrary intention,” was not satisfied in the present case. Prior to ever entering into their separate written guaranties with the creditor, the parties to this case entered into an oral agreement among themselves to each be responsible for one-third of any liability to the creditor. Such a “contrary intention” also is indicated by the language in at least one of the guaranty agreements signed by the parties, namely, “guarantor has executed this agreement with the intent to be legally bound, notwithstanding any failure by any other person to sign this guaranty.”
Out of concern for potential interference with its own collection efforts, the principal’s creditor included in its written agreement with each surety an assurance from that surety that it would not seek contribution from any cosurety. Each separate guaranty agreement, therefore, was executed for a different purpose — providing a right to the creditor, as against the particular surety signing that agreement, to prevent that particular surety from making a claim for contribution. As with any other contract, it is the intention of the parties that governs its construction. See Colonial Bank of Alabama v. Coker, 482 So.2d 286, 290-91 (Ala.1985) (rules governing construction of contracts apply in construction of guaranty contracts); Parr v. Godwin, 463 So.2d 129, 132 (Ala.1984) (court must give effect to the common intention of the parties to a contract); and Weeden, 223 Ala. at 690, 138 So. at 270 (noting that the integration of separate agreements is done for the purpose of evidencing the intention of the parties). In this case, the intention of the parties was evidenced by their separate oral agreement with one another to each be responsible for one-third of any liability to the creditor, as well as the provision in at least one of the guaranty agreements that the guarantors’ obligations were not premised upon similar undertakings by the other coguarantors. See generally Marriott Int’l, Inc. v. de-Celle, 722 So.2d 760 (Ala.1998) (parol evidence not admissible to contradict, vary, add to, or subtract from the terms of an agreement; however, if the contract is ambiguous, parol evidence is allowed to clarify the contract).
In this case, it is not the creditor that now seeks to enforce its contractual right to prevent a given surety from seeking contribution. Instead, other sureties seek to step into the shoes of the creditor for their own purpose. Those other sureties attempt to take advantage of the contractual commitments made by their cosureties to and for the benefit of the creditor in order to avoid their own contribution obligations to one another. To allow sureties to do this in such situations will leave little room in commercial transactions for application of the general rule that a surety may not waive his right of contribution against cosureties by an agreement with the principal’s creditor.
Because I conclude that the guaranty agreements in this case are not due to be viewed as a single contract, I must also conclude that there is no evidence that, as to the Sheltons, the Harrises and the Lo-vells waived their right to contribution. See Tyus, 26 Ala. at 288.
In my opinion, therefore, the trial court erred in entering the summary judgment in favor of the Sheltons. Accordingly, I respectfully dissent.
PITTMAN, J., concurs.