This case involves a dispute arising out of the sale of assets and properties of the Fredericksburg Technology Center ("FTC"),[1] by Rexham Corporation and RADG, Inc.,[2] to Environmental Systems, Inc. ("ESI"). Rexham sued ESI, alleging that ESI had breached the contract by failing to pay the rent, utilities, and maintenance on the FTC, which liabilities Rexham contends ESI assumed pursuant to the purchase agreement. ESI filed a counterclaim, alleging that Rexham had fraudulently induced it to enter into the purchase agreement based on false representations concerning the status and condition of the FTC. ESI sought to rescind the contract and also sought damages for fraud.[3]
The trial court entered a partial summary judgment in favor of Rexham on ESI's claims of fraud and misrepresentation alleging that Rexham had falsely represented the probability of acquiring, and the value of, certain contract rights. The trial court certified the partial summary judgment as final pursuant to Rule 54(b), Ala.R.Civ.P. ESI appeals, arguing that the trial court improperly excluded extrinsic evidence of the alleged representations on the basis of the parol evidence rule and the existence of an integration, or merger, clause in the purchase agreement.
The facts giving rise to this action are not disputed. ESI executed the purchase agreement with Rexham and RADG, Inc., on November 13, 1988. The parties had negotiated this contract for approximately 8 months before executing it. The purchase agreement provided for ESI to pay $175,000 and to assume certain liabilities of RADG, Inc., and Rexham (primarily a lease on the building in which the FTC was located). In exchange, RADG, Inc., and Rexham conveyed all of their right, title, and interest in the properties and assets of the FTC. Those assets included both tangible assets, including items of equipment, furniture, and computer software, as well as intangible assets, consisting of proposals in preparation and/or under negotiation and research, development, design, and engineering of sophisticated military and commercial technology.
ESI's claims regarding the tangible assets are not at issue in this appeal.[4] Regarding the intangible assets, ESI argues that employees of Rexham and FTC misrepresented the value of those assets and the probability of acquiring contract rights on them. ESI presented evidence that Rexham and FTC employees made a presentation to ESI's representatives as to the capabilities of the persons at the FTC and of the technologies being developed there. ESI also presented *Page 1381 
evidence that, during that presentation, employees of Rexham and FTC gave ESI a packet of false and misleading information that included written estimates of the values, both current and one-year sales value, of products that had been developed and products that could be developed at the FTC. In addition, ESI presented evidence that the Rexham employees misrepresented estimates of the probabilities of the FTC's receiving contracts for sales of its technologies.
ESI argues that the trial court improperly entered a summary judgment on its fraud claims on the basis of an integration, or merger, clause in the purchase agreement and the operation of the parol evidence rule. The merger clause in the purchase agreement reads as follows:
 "4.07 Entire Agreement. This Agreement, including the exhibits hereto and the documents, schedules, certificates and instruments referred to herein, embody the entire agreement and understanding of the parties hereto in respect of the transactions contemplated by this agreement. There are no restrictions, promises, representations, warranties, covenants or undertakings, other than those expressly set forth or referred to herein. This agreement supersedes all prior agreements and understandings between the parties with respect to such transaction."
The trial court's judgment is based on the existence of that merger clause and the application of the parol evidence rule:
 "[T]he court is of the opinion that because of the provisions of paragraph 4.07 of the contract between the parties, Environmental Systems, Inc. may not recover for any misrepresentation made by Rexham Corporation or its agents concerning the probability of acquiring and the value of certain contract rights. The court is of the opinion that there is no dispute as to any material fact and that the plaintiff [Rexham] is entitled to judgment as a matter of law on [its] motion for summary judgment."
Accordingly, we address only the issue of whether the trial court properly applied the parol evidence rule to exclude ESI's evidence concerning its fraud claim.
"In reviewing the disposition of a motion for summary judgment, we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact" and whether the movant was "entitled to a judgment as a matter of law." Bussey v. John Deere Co.,531 So.2d 860, 862 (Ala. 1988); Rule 56(c), A.R.Civ.P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v.SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98
(Ala. 1989). Evidence is "substantial" if it is of "such weight and quality that fairminded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989).
Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413
(Ala. 1990).
ESI argues that neither the integration clause nor the parol evidence rule operates to preclude it, as a matter of law, from introducing extrinsic evidence of fraud in the inducement as to the purchase agreement. We agree.
 I. PAROL EVIDENCE RULE
The parol evidence rule provides that, absent some evidence of fraud, mistake, or illegality, a party to an unambiguous written contract cannot offer parol, or extrinsic, evidence of prior or contemporaneous oral agreements to change, alter, or contradict the terms of the contract. Bussey v. John Deere Co.,531 So.2d 860, 862 (Ala. 1988); Colafrancesco v. CrownPontiac-GMC, Inc., 485 So.2d 1131, 1132-33 (Ala. 1986). Accordingly, one who seeks, in a breach of contract action, to enforce an oral representation or promise relating to the subject matter of the contract cannot succeed, because of the parol evidence rule. See Ramsay Health Care, Inc. v. Follmer,560 So.2d 746, 748 (Ala. 1990). *Page 1382 
This action, however, is not a contract action. ESI does not seek to enforce an asserted right at variance with the terms of the contract, in which case the evidence would be inadmissible, but ESI seeks to avoid and defeat the contract on account of fraud, and to recover damages for fraud, independently of the contract; in other words, the gravamen of ESI's action is the fraud, not the contract itself.
This Court has consistently held that the parol evidence rule has no application in an action alleging fraud. See, e.g.,Downs v. Wallace, 622 So.2d 337 (1993); Harris v. M S Toyota,Inc., 575 So.2d 74, 77 (Ala. 1991); Dixon v. SouthTrust Bank ofDothan, N.A., 574 So.2d 706, 708-09 (Ala. 1990); Hall v. IntegonLife Ins. Co., 454 So.2d 1338, 1343 (Ala. 1984); Brenard Mfg.Co. v. Pearson, 213 Ala. 675, 676, 106 So. 171, 172 (1925);Nelson v. Wood, 62 Ala. 175, 177 (1878); Thweatt v. McLeod,56 Ala. 375, 377 (1876); Kennedy's Heirs v. Kennedy's Heirs,2 Ala. 571 (1841). See also Ala. Code 1975, § 12-21-33. Accordingly, the parol evidence rule does not apply to ESI's claims of fraud.
In Dixon v. SouthTrust Bank of Dothan, N.A.,574 So.2d at 708, this Court noted the distinction between application of the parol evidence rule in contract actions and its applications in tort actions:
 "Under Alabama law, an action alleging fraud in the inducement is an action in tort, and in such a case the parol evidence rule does not apply. In Ramsay Health Care, Inc. v. Follmer, 560 So.2d 746, 748 (Ala. 1990), this Court stated that in Alabama the parol evidence rule applies to actions in contract and not actions in tort, and that parol evidence is admissible to show that a written agreement was procured by fraud. Id. at 748. [citations omitted].
 "We have long made this distinction between tort and contract actions."
(Emphasis supplied.)
Similarly, in Ramsay Health Care, Inc. v. Follmer,560 So.2d 746, 748 (Ala. 1990), this Court held that "[p]arol evidence is ordinarily admissible to show that a written agreement was procured by fraud." This principle has long been the settled law of this state. In Alabama Machinery Supply Co. v. Caffey,213 Ala. 260, 262, 104 So. 509, 511 (1925), this Court held as follows:
 "A stipulation in the written contract that there are no verbal understandings not incorporated herein does not estop the party to set up fraud in verbal misrepresentations inducing the contract as a whole. The law does not countenance a contract against the consequences of fraud."
This Court has recently reaffirmed this principle inDowns v. Wallace, supra, noting: "As a general proposition, the parol evidence rule applies to contract actions, not [to] actions in tort. Parol evidence is ordinarily admissible to show that a written agreement was procured by fraud."622 So.2d at 340. The New York Supreme Court Appellate Division has stated the rule as follows:
 "A contract, the making of which was induced by deceitful methods or crafty device, is nothing more than a scrap of paper, and it makes no difference whether the fraud goes to the factum or whether it is preliminary to the execution of the agreement itself."
Angerosa v. White Co., 248 A.D. 425, 431, 290 N.Y.S. 204, 213
(1936), aff'd, 275 N.Y. 524, 11 N.E.2d 325 (1937).
Rexham argues that parol evidence is not admissible in all cases of precontractual fraud, but is limited to proof of "fraud in procuring the signature to a written contract by misrepresenting or concealing its contents." Blake v. Coates,292 Ala. 351, 353, 294 So.2d 433, 435 (1974). Although this Court has sometimes referred to this language in referring to the rule permitting extrinsic evidence of fraud, the effect is the same as when the language used specifies that parol evidence is admissible to establish "fraud in the inducement," at least where the party seeking to establish fraud presents evidence, as ESI has, that it would not have signed the contract if it had known the truth of the representations. Therefore, this distinction has no significance regarding the applicability of the parol evidence rule to claims alleging fraud, as evidenced by the many cases holding that evidence of fraud in *Page 1383 
the inducement is admissible notwithstanding the parol evidence rule. See generally, Curry Motor Co. v. Hasty, 505 So.2d 347,351 (Ala. 1987); Parker v. McGaha, 294 Ala. 702, 709,321 So.2d 182, 185 (1975); Nelson Realty Co. v. Darling Shop ofBirmingham, Inc., 267 Ala. 301, 307, 101 So.2d 78 (1958).
It is undisputed that ESI's claim alleges fraud; therefore, the parol evidence rule does not exclude parol evidence of representations made before, or contemporaneously with, the execution of the written contract.
 II. INTEGRATION/MERGER CLAUSE
Rexham argues that the existence of paragraph 4.07, the integration clause, in the contract bars ESI from introducing evidence of oral representations on which it claims to have relied. As discussed above, the parol evidence rule applies to legal claims concerning the meaning and enforceability of contracts; the rule has no application to legal claims of fraud. An integration, or merger, clause is a portion of a particular contract that restates the rationale of the parol evidence rule within the terms of the contract. See Guilford v.Spartan Food Systems, Inc., 372 So.2d 7 (Ala. 1979) (noting that it is presumed at law that "all prior negotiations are merged into the written contract, which purports to cover the entire transaction"). An integration clause, therefore, is also not applicable to exclude evidence relating to a fraud claim.[5] SeeDowns v. Wallace, supra; Harris v. M S Toyota, 575 So.2d 74
(Ala. 1991); Dixon v. SouthTrust Bank of Dothan, N.A.,574 So.2d 706, 708-09 (Ala. 1990); Ramsay Health Care, Inc. v. Follmer,560 So.2d 746, 748 (Ala. 1990); Curry Motor Co. v. Hasty,505 So.2d 347, 351 (Ala. 1987); Parker v. McGaha, 294 Ala. 702, 707,321 So.2d 182, 185 (1975) (noting that "[e]vidence of fraud is always admissible, even though there is a completely integrated writing"); Nelson Realty Co. v. Darling Shop of Birmingham,Inc., 267 Ala. 301, 309, 101 So.2d 78, 84 (1957); StanardTilton Milling Co. v. Mixon, 243 Ala. 309, 312, 9 So.2d 911
(1942).
Thus, the law in this state renders an integration, or merger, clause ineffective to bar parol evidence of fraud in the inducement or procurement of a contract. Other courts and general authorities have acknowledged that this rule is well established. See 3 S. Williston, Williston on Contracts §§ 811-811A (3d ed. 1961); Restatement of Contracts § 573 (1932); 3 A. Corbin, Corbin on Contracts § 578, p. 405, n. 42 (3d ed. 1960 and 1992 Supp.) (noting that a merger clause "does not prevent proof of fraudulent representations by a party to the contract, or of illegality, accident, or mistake" and further noting that "[s]uch evidence may directly contradict the writing; but at the same time it shows the whole writing to be void or voidable, including the statement by which representations and mistakes are denied"); id. § 580, p. 431, n. 65 (noting that "it is in no case denied that oral testimony is admissible to prove fraud"). See also 37 Am.Jur.2d,Fraud and Deceit § 453 (1968) (noting that "[t]he general rule that parol or extrinsic evidence is admissible to prove that a written contract was procured by fraud ordinarily applies . . . in spite of special provisions in the contract which purport to limit the application of parol evidence"). In Downs v. Wallace, supra, this Court noted that such a holding is required: "To hold otherwise is to encourage deliberate fraud."622 So.2d at 342.
Rexham argues that Callis v. Colonial Properties, Inc.,597 So.2d 660 (Ala. 1991), in which this Court affirmed a summary judgment in the defendant's favor against the plaintiff's fraudulent inducement claim, stands for the proposition that a merger clause bars extrinsic evidence of fraud inducing one of the parties to enter a contract. If this Court adopts the construction of Callis that Rexham urges, then Callis would overrule dozens of Alabama cases and a century and a half of case law on the inapplicability of the parol evidence rule to fraud actions. It is unfathomable that this Court would overrule *Page 1384 
such a long-standing precedent without even mentioning the parol evidence rule or referring to any of the earlier cases on point; therefore, we construe Callis as consistent with our prior cases. Accordingly, we construe the opinion in Callis to have reached this conclusion based on a theory of promissory fraud, rather than based on an application of the parol evidence rule or a merger clause to Callis's fraud claim, as Rexham suggests.[6]
The alleged misrepresentation in Callis related to a promise of future performance on the part of the defendant, i.e., that it would not lease space in a shopping mall to "discount houses." This Court has held:
 "The only basis upon which one may recover for fraud, where the alleged fraud is predicated on a promise to perform or to abstain from an act in the future, is when the evidence shows that, at the time the promise of future action or abstention was made, the promisor had no intention of carrying out that promise, but rather had a present intent to deceive."
Fraser v. Reynolds, 588 So.2d 442, 446, n. 3 (Ala. 1990) (emphasis in original). Callis's complaint alleged that Colonial Properties promised to abstain from leasing to discount stores in the future; therefore, this Court construed her claim to be one for promissory fraud. Because she did not present substantial evidence creating a genuine issue of material fact as to whether the defendant, when it made the alleged representations, intended to deceive her and intended not to abstain from leasing to discount houses, that failure of proof was an adequate basis for the Court to affirm the summary judgment. The holding in Callis does not, therefore, overrule or conflict with the well-established principle making the parol evidence rule and the merger doctrine inapplicable to fraud actions.
Since deciding Callis, this Court has reaffirmed the principle that in fraud actions the parol evidence rule does not bar the introduction of evidence extrinsic to a written contract. See Downs v. Wallace, supra; Joseph Land Co. v.Gresham, 603 So.2d 923, 927 (Ala. 1992); Lake Martin/AlabamaPower Licensee Ass'n v. Alabama Power Co., 601 So.2d 942, 945
(Ala. 1992).
Again, we reaffirm the long-standing principle that the parol evidence rule and the "merger doctrine" do not apply to fraud actions. Accordingly, the trial court improperly held that ESI is barred from presenting parol evidence to substantiate its claim of fraud in the inducement.
 III. DISCLAIMER CLAUSE
Rexham also argues that paragraph 4.07 of the purchase agreement included not only a merger clause, but also what Rexham describes as a "disclaimer clause," which provides that ESI relied upon no representations made by Rexham other than those actually contained in the agreement.[7] It argues that, as a matter of law, the existence of a general disclaimer clause prevents ESI from justifiably relying on any representations not contained in the contract
This Court recently addressed this issue in Downs v. Wallace, supra, noting that "this *Page 1385 
Court has never held that an integration clause such as the one contained in the Downses' purchase agreement [which includes what Rexham describes as a 'disclaimer clause'] renders a party's reliance on oral representations unjustifiable, or unreasonable, as a matter of law." 622 So.2d at 341. The Court in Downs noted: "This holding ensues from the rule that when an agreement has been induced by deliberate fraud, the written document reciting that agreement is void and is 'of no more binding efficacy . . . than if it had no existence, or were a piece of waste paper." ' Downs, 622 So.2d at 341 (citations omitted). Therefore, the existence of a general disclaimer clause in the purchase agreement does not, as a matter of law, preclude ESI from justifiably relying on alleged oral representations that were not contained in the contract.
Nevertheless, this Court has held that "we will affirm a summary judgment if it was properly granted, notwithstanding the fact that the trial court gave the wrong reasons for granting it. Boyd v. Brabham, 414 So.2d 931 (Ala. 1982); Bank ofthe Southeast v. Koslin, 380 So.2d 826 (Ala. 1980)." McMillan,Ltd. v. Warrior Drilling Eng'g Co., 512 So.2d 14, 26
(Ala. 1986). Therefore, a partial summary judgment would have been proper if Rexham had made a prima facie showing, by admissible evidence, that there was no genuine issue of material fact and if ESI had not rebutted that showing with substantial evidence. Rule 56, Ala.R.Civ.P.
After carefully reviewing the record, we conclude that Rexham has not "carried [its] burden of making a prima facie showing, by admissible evidence, that there is no genuine issue of material fact and that [it] is entitled to a judgment as a matter of law." Bass v. SouthTrust Bank of Baldwin County,538 So.2d at 797-98; Ala. Code 1975, § 12-21-12. Accordingly, the trial court improperly entered the summary judgment against ESI's claim that Rexham misrepresented the value of certain contract rights and the probability of acquiring those rights. The judgment is therefore due to be reversed and the cause remanded.
REVERSED AND REMANDED.
ALMON, SHORES, ADAMS and KENNEDY, JJ., concur.
MADDOX, HOUSTON and STEAGALL, JJ., dissent.
[1] FTC is an engineering business that designs, manufactures, and sells sophisticated military and commercial technology.
[2] RADG, Inc., is not a party to this action. It owned the FTC before assigning it to Rexham pursuant to a corporate merger. RADG, Inc., sold its interest in the FTC to ESI pursuant to the purchase agreement.
[3] ESI also claims that Rexham breached various warranties related to the sales agreement. The trial court did not rule on this claim; therefore, it is not at issue in this appeal.
[4] ESI claims that Rexham falsely represented that it had clear title to the tangible assets it contracted to convey to ESI. Rexham acknowledged in its brief in support of its motion for summary judgment that ESI's claims regarding these assets were not at issue.
[5] This is not to say that terms of contracts, including integration clauses, may not be evidence in fraud claims; the written terms of a contract may be persuasive evidence rebutting evidence as to a particular element of a fraud claim. However, the written terms of a contract may not operate to bar the trier of facts from considering other legally admissible evidence that would show fraud.
[6] Although neither the main opinion nor the special writings inCallis made specific reference to the promissory fraud theory, a review of the record in Callis reveals that, in its motion for summary judgment, Colonial Properties, Inc., argued that Callis alleged a claim of promissory fraud but that she failed to present substantial evidence of the additional elements of promissory fraud: an intent, at the time of the alleged misrepresentation, not to do the act promised and an intent to deceive. P S Business, Inc. v. South Central Bell Tel. Co.,466 So.2d 928 (Ala. 1985). Although it is not clear whether the trial court accepted this argument in granting Colonial Properties' motion for summary judgment, this Court considered that argument to be an adequate basis for affirming the trial court's summary judgment. McMillan, Ltd. v. Warrior Drilling Eng'g Co., 512 So.2d 14, 26 (Ala. 1986) (noting that this Court will affirm a summary judgment if it was properly granted, notwithstanding the fact that the trial court gave the wrong reasons for granting it). Because the dissent in Callis did not consider the promissory fraud construction, it is not applicable to that construction.
[7] The disclaimer clause in the purchase agreement does not specifically disclaim the very representation ESI alleges to be the foundation for fraud. See Centronics Financial Corp. v. ElConquistador Hotel Corp., 573 F.2d 779 (2d Cir. 1978); Hector M.v. Commissioner of Social Services, 102 Misc.2d 676,425 N.Y.S.2d 199 (N.Y. Fam. Ct. 1980).