YATES, Judge.
Jodi Lynn Green and Terri Cranford (hereinafter “the plaintiffs”) appeal from a summary judgment entered in favor of Greg Lumpkin, M.B. Hagedorn, and Ina Black Realty (hereinafter “the defendants”). This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
In early 1993, the plaintiffs began negotiations with the defendants regarding the suitability of a commercial site for the operation of a bar. On March 4, 1993, the plaintiffs signed a three-year lease agreement for a *460 building and land located in Gadsden. This dispute involves the plaintiffs’ expectation also to lease the adjacent property, which they had intended to use as a parking lot for the bar. The plaintiffs sued the defendants in May 1994, alleging that the defendants had committed fraud and fraud in the inducement.
The defendants moved for a summary judgment, arguing that there were no material issues of fact. Specifically, the defendants argued that the plaintiffs’ claim for fraud failed on several grounds, because, they said: (1) there had been no inducement or misrepresentation to enter the lease agreement; (2) there had been no detrimental reliance by the plaintiffs; and (3) there had been no showing of an intent not to lease to the plaintiffs the adjacent property, as promised. The defendants also asserted that, if the plaintiffs had acquired the adjacent property, the plaintiffs still would not have met the city’s zoning requirements for adequate parking space and, therefore, that “the plaintiffs made a poor business decision.” (The zoning requirement in this instance was one parking space per 50 square feet of building space, or 180 spaces). The defendants also argued that the plaintiffs’ request for a liquor license had not been denied solely because of inadequate parking. After a hearing, the court, on November 8, 1996, granted the defendants’ summary judgment motion.
In reviewing the disposition of a motion for summary judgment, we use the same standard as the trial court used in determining whether the evidence before it presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860 (Ala.1988); Rule 56, Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989). This court must review the record in the light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
An action for fraud is authorized by §§ 6-5-100 and -101, Ala.Code 1975. To establish fraud, a plaintiff must prove: (1) a misrepresentation, (2) of a material fact, (3) upon which the plaintiff relied, (4) and damage or harm incurred as a proximate result of the reliance. Cato v. Lowder Realty Co., 630 So.2d 378 (Ala.1993). If the fraud is based upon a promise to perform or to abstain from performing in the future, two additional elements must be proved: (1) that the defendant intended, at the time of the misrepresentation, not to do the act promised, and (2) that the defendant intended to deceive. See Valley Properties, Inc. v. Strahan, 565 So.2d 571, 579 (Ala.1990).
After reviewing the record in the light most favorable to the plaintiffs, we conclude that the plaintiffs presented substantial evidence supporting their fraud claim. We note that in the pleadings, depositions, and affidavits and in the “hearing transcript,” the plaintiffs have consistently argued that the defendants had stated that the adjacent property was available and would be included in their lease. Specifically, the record shows that during the initial negotiations, the plaintiffs discussed the adjacent property and their plans to use it as a parking lot. At that time, the defendants told them that the property went with the building. When the plaintiffs were presented the lease, they asked why the adjacent property was not included, and one of the defendants stated that he “would have gotten it three months ago, but was just told that morning that they [the plaintiffs] needed it.” The defendants further stated that “the owner was good for his word”; “we’ll be your witnesses”; and “don’t worry about it, because we’ll have the property by the end of the week.” The plaintiffs stated that they relied upon these representations and that they would not have otherwise signed the lease agreement. Based on *461 the plaintiffs’ statements and the conflicting evidence regarding the defendants’ representations, we conclude that the plaintiffs presented substantial evidence creating genuine issues of material fact regarding whether the defendants intended to commit fraud and fraud in the inducement; therefore, the summary judgment was inappropriate.
Further, we find this case distinguishable from Callis v. Colonial Properties, Inc., 597 So.2d 660 (Ala.1991), in which the trial court properly entered a summary judgment after concluding that statements made before a lessee had signed a lease were not fraudulent inducement. In that case, the lease contained the following provision: “No representation, inducement, understanding or anything of any nature whatsoever made, stated or represented on Landlord’s behalf, either orally or in writing (except this Lease), has induced Tenant to enter into this Lease.” Id., at 661. In this present case, although the plaintiffs had signed the lease with knowledge that a separate lease was needed for the adjacent property, there was no comparable provision regarding inducement, additional statements, or promises made. See also Environmental Systems, Inc. v. Rexham Corp., 624 So.2d 1379 (Ala.1993). The plaintiffs may not have exercised due diligence in researching the zoning and liquor license requirements; however, this case turns on the defendants’ promise, knowledge, and intent regarding the leased premises as well as the adjacent property. We, therefore, reverse the judgment and remand the case for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.
CRAWLEY, J., dissents.