MOORE, Judge.
*121 Phillip Jones and Elizabeth Jones appeal from a summary judgment entered by the Tallapoosa Circuit Court ("the trial court") in favor of The Village at Lake Martin, LLC ("the Village"), on their claims of breach of contract and fraudulent inducement. We affirm the trial court's summary judgment as to the breach-of-contract claim; we reverse the summary judgment as to the fraudulent-inducement claim.
Procedural History
On June 17, 2016, the Joneses filed a complaint against the Village and Brian Ray, in his individual capacity and as an agent of the Village, asserting claims of breach of contract, breach of warranty, fraudulent inducement, and unjust enrichment. On July 12, 2016, Ray and the Village filed an answer, which included numerous affirmative defenses, including that the claims were barred by the applicable statutes of limitations. On January 27, 2017, Ray and the Village filed a motion for a summary judgment as to all claims. On March 29, 2017, the Joneses responded to that motion. On April 6, 2017, the trial court entered a judgment disposing of all the Joneses' claims; specifically, the trial court dismissed the breach-of-warranty claim on the motion of the Joneses and entered a summary judgment on the remaining claims of breach of contract, fraudulent inducement, and unjust enrichment. With regard to the breach-of-contract and fraudulent-inducement claims, the trial court held that there was no genuine issue of material fact regarding the merits of either claim and that each claim was barred by the applicable statute of limitations. On May 18, 2017, the Joneses filed their notice of appeal to the Alabama Supreme Court; that court transferred the appeal to this court, pursuant to Ala. Code 1975, § 12-2-7.
Facts
The evidence indicated that the Joneses purchased a lake house from the Village in 2009. Notably, the contract for the sale of the house included paragraph 34, which states:
"This contract constitutes the entire agreement between [the Joneses] and [the Village] regarding the Property, and supercedes [sic] all prior discussions, negotiations, and agreements between [the Joneses] and [the Village], whether oral or written. This agreement is not transferable or not assignable. Neither [the Joneses], [the Village], nor Broker or any sales associate shall be bound by any understanding, agreement, promise, or representation concerning the Property, express or implied, not specified herein."
Additionally, the following language is handwritten on an addendum to the contract: "Buyer requests boat slip in next phase 1st choice-@ $10,000 to be paid at availability. Trex to be used." The Joneses and Ray initialed that handwritten note. In opposition to the summary-judgment motion, the Joneses presented their affidavits in which they averred that Ray had made representations to them, both before and at the time they entered into the contract to purchase the lake house, indicating that, once additional boat slips were built, they would be able to purchase one for $10,000. The Joneses both stated that they had relied on the oral representations made by Ray concerning the option to purchase the boat slip when deciding to purchase the lake house.
Subsequently, in 2016, the Village began constructing new boat slips. The Joneses requested to purchase one of the boat slips for $10,000, but the Village refused their request. The Joneses testified that Ray denied that he had represented to them that the Village had agreed to allow them *122 to purchase a boat slip for the purchase price of $10,000. Phillip testified in his affidavit that he had been damaged as a result of the "deception and breach" of the Village.
Standard of Review
" 'We review this case de novo, applying the oft-stated principles governing appellate review of a trial court's grant or denial of a summary judgment motion:
" ' "We apply the same standard of review the trial court used in determining whether the evidence presented to the trial court created a genuine issue of material fact. Once a party moving for a summary judgment establishes that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. 'Substantial evidence' is 'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' In reviewing a summary judgment, we view the evidence in the light most favorable to the nonmovant and entertain such reasonable inferences as the jury would have been free to draw.' "
" American Liberty Ins. Co. v. AmSouth Bank, 825 So.2d 786, 790 (Ala. 2002) (quoting Nationwide Prop. & Cas. Ins. Co. v. DPF Architects, P.C., 792 So.2d 369, 372 (Ala. 2000) (citations omitted))."
General Motors Corp. v. Kilgore, 853 So.2d 171, 173 (Ala. 2002).
Discussion
On appeal, the Joneses argue that the trial court erred in entering a summary judgment in favor of the Village on their claims of breach of contract and fraudulent inducement.
"One of the elements of a breach-of-contract claim under Alabama law is the existence of 'a valid contract binding the parties.' Reynolds Metals Co. [v. Hill], 825 So.2d [100] at 105 [ (Ala. 2002) ]. ' "The requisite elements of [a valid contract] include: an offer and an acceptance, consideration, and mutual assent to terms essential to the formation of a contract." ' Ex parte Grant, 711 So.2d 464, 465 (Ala. 1997) (quoting St[r]ength v. Alabama Dep't of Fin., Div. of Risk Mgmt., 622 So.2d 1283, 1289 (Ala. 1993) )."
Avis Rent A Car Sys., Inc. v. Heilman, 876 So.2d 1111, 1118 (Ala. 2003). In the present case, the language in the addendum to the contract indicates that the Joneses had offered to purchase a boat slip; however, the language does not indicate an acceptance of that offer by the Village. Although the Joneses presented evidence indicating that the Village, through its agent Ray, orally promised that the Joneses would be permitted to purchase a boat slip for $10,000 once additional boat slips were built, paragraph 34 of the contract contains a merger clause, which is effective in breach-of-contract actions to bar parol evidence of agreements outside the four corners of the contract. See, e.g., Dixon v. SouthTrust Bank of Dothan, N.A., 574 So.2d 706, 708 (Ala. 1990) (holding that the parol-evidence rule is applicable to actions for breach of contract). Because there is no substantial evidence of acceptance, which is necessary to form a valid contract, we conclude that the breach-of-contract claim was due to be denied as a matter of law.[1]
*123 We reach an opposite conclusion on the claim alleging fraudulent inducement. As this court has previously recognized:
" '[T]he law in this state renders an integration, or merger, clause ineffective to bar parol evidence of fraud in the inducement or procurement of a contract. Other courts and general authorities have acknowledged that this rule is well established. See 3 S. Williston, Williston on Contracts §§ 811-811A (3d ed. 1961); Restatement of Contracts § 573 (1932) ; 3 A. Corbin, Corbin on Contracts § 578, p. 405, n.42 (3d ed. 1960 and 1992 Supp.) (noting that a merger clause "does not prevent proof of fraudulent representations by a party to the contract, or of illegality, accident, or mistake" and further noting that "[s]uch evidence may directly contradict the writing; but at the same time it shows the whole writing to be void or voidable, including the statement by which representations and mistakes are denied"); id. § 580, p. 431, n.65 (noting that "it is in no case denied that oral testimony is admissible to prove fraud"). See also 37 Am. Jur. 2d, Fraud and Deceit § 453 (1968) (noting that "[t]he general rule that parol or extrinsic evidence is admissible to prove that a written contract was procured by fraud ordinarily applies ... in spite of special provisions in the contract which purport to limit the application of parol evidence"). In Downs v. Wallace, [ 622 So.2d 337 (Ala. 1993),] this Court noted that such a holding is required: "To hold otherwise is to encourage deliberate fraud." 622 So.2d at 342.'
" Environmental Sys., Inc. v. Rexham Corp., 624 So.2d 1379, 1383 (Ala. 1993) ; see also Downs v. Wallace, 622 So.2d 337, 342 (Ala. 1993) (holding that 'when the agreement has been induced by intentional fraud the mere presence of an integration clause in the written instrument does not, as a matter of law, insulate the guilty party')."
McCullough v. Allstate Prop. & Cas. Ins. Co., 256 So.3d 103, 109 (Ala. Civ. App. 2018). Accordingly, with regard to the Joneses' claim alleging fraudulent inducement, we will consider the Joneses' testimony regarding the oral representations that they assert were made by Ray.
"The elements of fraudulent misrepresentation are: ' "(1) [a] false representation (2) of a material existing fact (3) relied upon by the plaintiff (4) who was damaged as a proximate result of the misrepresentation. Earnest v. Pritchett-Moore, Inc., 401 So.2d 752 (Ala. 1981)." ' Pranzo v. ITEC, Inc., 521 So.2d 983, 984 (Ala. 1988) (quoting Coastal Concrete Co. v. Patterson, 503 So.2d 824, 826 (Ala. 1987) ). When, as in this case, ' "fraud is based upon a promise to perform or abstain from performing in the future, two additional elements must be proved: (1) the defendant's intention, at the time of the alleged misrepresentation, not to do the act promised, coupled with (2) an intent to deceive. Clanton v. Bains Oil Co., 417 So.2d 149 (Ala. 1982)." ' Pranzo, 521 So.2d at 983 (quoting Coastal Concrete, 503 So.2d at 826 )."
Alabama Psychiatric Servs., P.C. v. 412 S. Court St., LLC, 81 So.3d 1239, 1247 (Ala. 2011).
In the present case, the Joneses presented substantial evidence indicating that the Village, through its agent Ray, had falsely represented that the Joneses would be able to purchase a boat slip for $10,000, *124 that they had relied on that representation, and that they had been damaged as a result. Furthermore, the inconsistency between Ray's oral representations, both before and at the time the Joneses entered into the contract to purchase the lake house, and his representations made during the prosecution of this action-specifically, that the Village had never intended to allow the Joneses to purchase a boat slip for $10,000-constitutes substantial evidence indicating that the Village's intent was to not allow the Joneses to purchase a boat slip for $10,000 and that Ray's oral representations were made with an intent to deceive. Therefore, the trial court's summary judgment was not proper on the basis that there was not substantial evidence of the elements of fraudulent inducement.
We next address whether the fraudulent-inducement claim was barred by the applicable statute of limitations. Initially, we note that the statute of limitations for claims based upon fraud is two years. See Ala. Code 1975, § 6-2-38(l ). Section 6-2-3, Ala. Code 1975, provides that, "[i]n actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action." See also Dixon v. SouthTrust Bank of Dothan, N.A., 574 So.2d at 708 ("A claim for fraud accrues at the time of 'the discovery by the aggrieved party of the fact constituting fraud.' " (quoting Ala. Code 1975, § 6-2-3 )). In this case, the Joneses testified in their affidavits that they discovered in January 2016 that they would not be permitted to purchase a boat slip for $10,000. They filed their complaint less than six months after they discovered the alleged fraud, well within the applicable two-year limitations period set forth in § 6-2-3. Therefore, the trial court's summary judgment was not proper on the basis that the statute of limitations had run on the claim of fraudulent inducement.
Conclusion
Based on the foregoing, we affirm the summary judgment in favor of the Village on the Joneses' claim alleging breach of contract; we reverse the summary judgment in favor of the Village on the Joneses' claim of fraudulent inducement and remand this cause for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

Because we affirm the trial court's judgment on this point, we pretermit discussion of the additional issue raised by the Joneses regarding the statute of limitations applied to the breach-of-contract claim.